(20 Misc. Rep. 592.)

MANNE v. SIEGEL–COOPER CO.

(Supreme Court, Appellate Term. July 1, 1897.)

CONTRACT OF CORPORATION—RATIFICATION.

> Plaintiff sued upon a contract alleged to have been made with a corporation, through the manager of one of its departments, to pay him $20 and expenses for certain services. The manager testified that special contracts had to be approved by the corporation, but did not say that this contract was not approved, and did say that money for the expenses was furnished by the corporation with knowledge of what it was for. *Held*, that such payment by the corporation was an approval or ratification of the contract.

Appeal from Eighth district court.

Action by Adolph Manne against the Siegel-Cooper Company. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Rose & Putzel, for appellants.

Appell & Reid, for respondent.

DALY, P. J. The plaintiff was a waiter, employed in the restaurant conducted by the Siegel-Cooper Company upon its premises. He was hired by the head waiter, who was employed by Mr. Archibault, who managed the restaurant for defendants. The manager promised the plaintiff $20 and expenses for making certain figures to be displayed at the French cooks' ball, an exhibition in Madison Square Garden, as an exhibit of the Siegel-Cooper Company, and bearing the name of that house. The plaintiff and his wife, with the approval of the manager, made the figures at defendants' store, and took them from there to the exhibition. The manager paid $6.45 for the expenses, but refused to pay the $20, and this action is brought to recover it. The plaintiff recovered judgment, and the above facts must be assumed to have been found in his favor upon his testimony

in support of them. The defendants called Mr. Archibault as a witness, who testified that the promise of $20 was conditional upon the plaintiff being awarded first prize for his figures at the exhibition. This was denied by the plaintiff. The chief contention of defendants upon appeal is that this was a special contract, which Mr. Archibault, as manager of the restaurant, had no authority to make. Mr. Archibault stated that special contracts had to be approved by the house, but did not say that this was not approved. On the contrary, he testified that he got from the house the $6.45 for expenses, and that the house knew what the expenses were for. This payment by defendants with full knowledge was an approval or ratification of the contract. There was a conflict of testimony as to whether the plaintiff had committed a breach of contract by not returning the figures after exhibition, but this dispute, which involved a question of custom as well as of contract, was determined by the justice in plaintiff's favor, and the finding of fact cannot be disturbed.

Judgment affirmed, with costs. All concur.